**50** People ex rel. Ortenberg *v.* University of N. Y.

Supreme Court, February, 1917.        [Vol. 99.

The People of the State of New York on the Relation of Mauris Ortenberg, Relator, *v.* The University of the State of New York, Respondent.

The People of the State of New York on the Relation of Thomas J. Byrnes, Relator, *v.* The University of the State of New York, Respondent.

(Supreme Court, Albany Special Term, February, 1917.)

Mandamus — when writ of, denied — Education Law, §§ 47, 48 — Regents of the University of New York — when application to compel university to grant relators a rating upon examination papers denied.

　　Information having been received by the Regents of the University during the months of February, March and April, 1916, that the principal of an educational institution incorporated by the regents had furnished its students with false certificates of attendance and had permitted them to take examinations without having regularly attended upon instruction ·as required by the regents' rules, it appeared, upon investigation, that many of said students, including relators, did not attend upon instruction at the times and under the conditions required for attendance at registered secondary schools and that much of their instruction was given in violation of said rules and, as a result of the investigation, the registration of the institution as a member of the university was canceled by the regents July 1, 1916. *Held,* that as under sections 47 and 48 of the Education Law and the regents' rules the entire control and supervision of examinations conducted at said institution are conferred upon the Regents of the University and rest entirely within their discretion, relators' applications for peremptory writs of mandamus to compel the university to grant them a rating upon their examination papers of January, 1916, will be denied, though it appears that relators did not participate in the fraud of the principal of the institution.

Applications for peremptory writs of mandamus.

Henry C. Quinby, for relators.

Frank B. Gilbert, for respondent.

CHESTER, J.   The relator in each of these proceedings seeks a peremptory writ of mandamus commanding the respondent to grant a rating upon his examination papers forwarded to the respondent in January last and to issue and deliver to him its report or certificate thereon which shall show to what credit or rating he is entitled under the rules and regulations of the University.

The examination which the relators took was a regents' examination conducted at the Westerleigh Collegiate Institute in January, 1916.   That institution was incorporated as an educational institution by the Regents of the University on December 12, 1894.   By reason of information received by the regents during the months of February, March and April of 1916, that the principal of such institute had furnished its students with false certificates of attendance and had permitted them to take examinations conducted at such institute without having regularly attended upon instruction there as required by the regents' rules, the regents investigated the matter and upon that investigation it appeared that many of the students, including the relators, did not attend upon instruction at the institute at the times and under the conditions required for attendance at registered secondary schools and that much of the instruction was given in the evening, on Saturday afternoons and on Sundays in violation of rules established by the regents for the conduct and giving of instruction in such institutions.   As a result of such investigation, which revealed many other irregularities with respect to examinations at such institute, its registration as a member of the Univer-

sity was canceled by the regents on July 1, 1916. The principal of the institute was thereafter indicted by the grand jury of Richmond county and is now awaiting trial for violation of section 67 of the Education Law (Laws of 1910, chap. 140) for unlawful acts with respect to the January, 1916, examinations conducted at such institute, which were the examinations these relators seek to compel the respondent to give them a rating upon. The regents' rule (§ 337, subd. b) with respect to examinations requires regular attendance by pupils at a recognized academic school of this state, with a minimum time requirement for the subject studied, as a prerequisite to taking the regents' examination. The pupil is required also to make a statement upon his answer paper as to the number of weeks he has regularly studied the subject and the number of his recitations a week. Id. § 336, subd. b. These relators each made a statement upon his paper in this respect which the respondent claims was misleading and false.

The respondent also made an investigation with respect to the applications of these relators for a rating in addition to the general investigation concerning the alleged frauds committed at the school in question with respect to examinations, and thereafter voted to direct the department not to rate or give credit for any answer papers of the students of this institute submitted upon the examination in January, 1916.

It is a complete answer to this application to compel such rating to say that the entire control and supervision of the examinations in question are conferred by law upon the Regents of the University and rest entirely within their discretion. Regents' examinations are controlled by sections 47 and 48 of the Education Law and by such rules under the law as the

regents may properly make. Section 47 of that law provides that the regents "may establish examinations as to attainments in learning, and may award and confer -suitable certificates, diplomas and degrees on persons who *satisfactorily* meet the requirements prescribed." Section 48 of that law provides that "The regents shall establish in the secondary institutions of the university, examinations in studies furnishing a suitable standard of graduation therefrom and of admission to colleges, and certificates or diplomas shall be conferred by the regents on students who satisfactorily pass such examinations."

Under the statute therefore it is clear that no certificates are required to be issued until the applicant has passed an examination satisfactorily to the regents. The respondent asserts in these cases, after a careful and painstaking examination of the entire subject, that these applicants have not satisfactorily to the regents passed the examinations in the subjects taken by them. While it is undoubtedly true that it does not appear that the relators have themselves participated in the frauds charged against the principal of the institute, yet there was sufficient in the misleading statements contained in their answer papers, entirely apart from the frauds charged against the institution where they studied, to justify the position taken by the regents in respect to withholding a rating upon the examination taken by them.

It does not appear that the respondent has refused or neglected to perform any duty imposed upon it by law. On the contrary, its course has been in obedience to and wholly within the law. For these reasons the application must be denied.

Application denied.